# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

WAYNE ANTHONY MILLER,  
    Plaintiff,

vs.

LT. RYAN BOWERS, et al.,  
    Defendants.

Case No. 1:16-cv-852

Dlott, J.  
Litkovitz, M.J.

**ORDER AND REPORT  
AND RECOMMENDATION**

    Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF), brings this *pro se* civil rights action under 42 U.S.C. § 1983.  (*See* Doc. 1, Complaint).  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see*

*also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  *Id.* at 557.  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Erickson*, 551 U.S. at 93 (citations omitted).

In the instant action, plaintiff has named the following SOCF correctional staff as defendants:  Lt. Ryan Bowers; Lt. Jason Eaches; C/O John Raredan; and "Medical Staff Person[n]el."  (*See* Doc. 1, Complaint, p. 4, at PAGEID#: 11).  Plaintiff alleges that on April 25, 2016, he was physically assaulted by defendants Bowers, Eaches and Raredan.  (*Id.*, p. 5, at PAGEID#: 12).  Plaintiff avers that he was severely beaten with several "punches of the fist, kicks and hits from a riot stick . . . to the left side of [his] face[,] . . . stomach[,] left rib cage and groin." (*Id.*).  He also claims that he was "blinded by a chemical agent and maced completely naked head to toe then handcuffed in the back . . . for no reason."  (*Id.*).  Plaintiff generally states that he was "refused medical care and right to flush [his] eyes out from the chemical agent."  (*Id.*).  In an "Informal Complaint Resolution" form attached to the complaint, which plaintiff apparently submitted to a "shift captain" on the date of the alleged incident, plaintiff states that a nurse "in the room at the time . . . wanted to do a checked medical exam

3

and flush [his] eyes but Lt. Bowers and Lt. Eaches told her no this inmate doesn't deserve anything." (*See id.*, p. 17, at PAGEID#: 24). The complaint also contains allegations that the nurse who allegedly witnessed the assault stopped it from continuing any further by "yell[ing] out … that[']s enough[,] you'll kill him[,] that's enough." (*Id.*, p. 7, at PAGEID#: 14).

As relief, plaintiff seeks $100,000 in damages from each defendant. (*Id.*, p. 6, at PAGEID#: 13). He also seeks injunctive relief to the extent that he requests that the defendant "officers" be terminated "for safety & security purposes" and that he be granted "a level decrease to protective custody institution." (*See id.*).

Upon review of the complaint, the undersigned concludes that plaintiff's claim against defendants Bowers, Eaches and Raredan based on their alleged use of excessive force against plaintiff in an incident that occurred on April 25, 2016 at SOCF is deserving of further development and may proceed at this early stage in the proceedings. Plaintiff may also proceed at this early juncture with a claim against defendants Bowers and Eaches to the extent that his pleadings contain allegations that those two individuals would not allow plaintiff to receive any medical care or to have his eyes flushed after he was beaten, maced and "blinded" by the chemical agent.[1] *See* 28 U.S.C. § 1915(e)(2)(B) & 1915A(b).

However, plaintiff's allegations are insufficient to state a claim against "SOCF medical person[n]el" or a claim against defendant Raredan for the alleged denial of medical care to the

---

[1] It is noted that plaintiff may only bring claims for damages against the defendants in their individual capacities as it is well-settled that claims for damages against defendants in their official capacity are barred from review in § 1983 actions such as this. *See, e.g., Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63-64, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Monell v. Dep't of Soc. Services,* 436 U.S. 658, 690 n.55 (1978)) (holding that "neither a State nor its officials acting in their official capacities are 'persons'" who may be held liable for constitutional violations in a § 1983 action); *see also Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998) (and cases cited therein) ("It is well-established that a plaintiff cannot sue a state agency or any of its employees in their official capacities for monetary damages.").

4

plaintiff following the assault that purportedly occurred on April 25, 2016. To the extent that plaintiff seeks to bring a claim against medical personnel, the complaint merely alleges that a nurse was present who witnessed the assault and eventually stopped it by yelling "that's enough." Although plaintiff has generally claimed that the nurse denied him medical attention following the incident (*see id.*, at PAGEID#: 19), the only specific factual allegations contained in plaintiff's pleadings are that the nurse asked to conduct a medical check of plaintiff and to flush out his eyes following the incident, but that defendants Bowers and Eaches would not allow her to do so. (*See id.*, at PAGEID#: 24). Therefore, in the absence of specific factual allegations that would support a claim of liability against any SOCF medical personnel and in the absence of any allegations that defendant Raredan was involved in the alleged refusal to provide the plaintiff with medical care, plaintiff has not stated an actionable claim under § 1983 against those defendants based on the theory of deliberate indifference to his serious medical needs. *Cf. Chappell v. Morgan*, No. 2:15cv1110, 2016 WL 738098, at *4 (S.D. Ohio Feb. 25, 2016) (Report & Recommendation) ("unless the plaintiff's complaint affirmatively pleads the personal involvement of a defendant in the alleged unconstitutional action about which the plaintiff is complaining, the complaint fails to state a claim against that defendant and dismissal is warranted"), *adopted*, 2016 WL 1109093 (S.D. Ohio Mar. 21, 2016), *appeal filed*, No. 16-3307 (6th Cir. Mar. 31, 2016).

Accordingly, in sum, plaintiff may proceed with claims against defendants Bowers, Eaches and Raredan based on their alleged use of excessive force against plaintiff in an incident that purportedly occurred on April 25, 2016 at SOCF. Plaintiff may also proceed with a claim against defendants Bowers and Eaches based on their alleged refusal to allow plaintiff

to receive medical treatment following that incident.  However, it is **RECOMMENDED** that any claim against "SOCF medical person[n]el" or any claim against defendant Raredan for the alleged denial of medical care following the April 25, 2016 incident be dismissed because plaintiff's allegations fail to state a claim upon which relief may be granted by this Court.  It is, therefore, **FURTHER RECOMMENDED** that "SOCF medical person[n]el" be dismissed as a named defendant in this action.

### IT IS THEREFORE RECOMMENDED THAT:

Any claim against "SOCF medical person[n]el" or any claim against defendant Raredan for the alleged denial of medical care to plaintiff following an "assault" that occurred on April 25, 2016 be dismissed with prejudice because plaintiff's allegations fail to state a claim upon which relief may be granted against those individuals.  In addition, defendant "SOCF medical person[n]el" should be dismissed as a party to this action.

### IT IS THEREFORE ORDERED THAT:

1.  Plaintiff may proceed with his cause of action under 42 U.S.C. § 1983 against defendants Bowers, Eaches and Raredan based on their alleged use of excessive force against plaintiff in an incident that purportedly occurred on April 25, 2016 at SOCF.  Plaintiff may also proceed with his cause of action under § 1983 against defendants Bowers and Eaches based on their alleged refusal to allow plaintiff to receive medical treatment following that incident.  The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Bowers, Eaches and Raredan as directed by plaintiff, with costs of service to be advanced by the United States.

6

2. Plaintiff shall serve upon the defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date:  9/1/2016                                            *s/Karen L. Litkovitz*
                                                                                            Karen L. Litkovitz
                                                                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WAYNE ANTHONY MILLER,
    Plaintiff,

vs.

LT. RYAN BOWERS, et al.,
    Defendants.

Case No. 1:16-cv-852

Dlott, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc