UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WAYNE ANTHONY MILLER,
Plaintiff,

vs.

LT. RYAN BOWERS, et al.,
Defendants.

Case No. 1:16-cv-852
Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by prison employees. This matter is before the Court on plaintiff's motion for leave to file an amended complaint (Doc. 15) and defendant John Rardin's motion for leave to file an untimely response to plaintiff's motion (Doc. 17).[1]

Plaintiff filed his initial complaint in this action in August 2016. (*See* Docs. 1, 3). On September 1, 2016, the Court conducted a *sua sponte* review under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) and entered an Order and Report and Recommendation that permitted plaintiff to proceed on two claims: (1) an excessive force claim against defendants Bowers, Eaches, and Rardin and (2) a denial of medical treatment claim against defendants Bowers and Eaches. (Doc. 4 at 6). On November 30, 2016, the Court entered a calendar order, which established December 22, 2016 as the deadline for amending the complaint. (Doc. 14). Plaintiff's motion for leave to amend his complaint was dated January 10, 2017 and was filed on January 23, 2017.[2] (Doc. 15 at 1-2).

---

[1] Plaintiff's initial complaint also named as defendants Lt. Ryan Bowers and Lt. Jason Eaches. (*See* Docs. 3, 4). However, plaintiff has not perfected service on Lt. Bowers or Lt. Eaches. (*See* Docs. 7, 8).
[2] Under the prison "mailbox rule," a pro se prisoner's filing is considered filed "with the relevant court when he deposits it in the prison mailbox." *Stein v. Hooks*, No. 3:14-cv-274, 2015 WL 914453, at *2 (S.D. Ohio Mar. 3,

Federal Rule of Civil Procedure 15(a) governs amendments to the pleadings before trial. A complaint may be amended once as a matter of course within twenty-one days of service of responsive pleadings. Fed. R. Civ. P. 15(a)(1)(B). If a plaintiff wishes to amend the complaint after the twenty-one day period has expired, he must obtain consent of the opposing party or leave of the Court. Fed. R. Civ. P. 15(a)(2). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 472 F.3d 996, 1001 (6th Cir. 2005).

Although Rule 15(a) governs amendments to the pleadings, when a motion to amend is brought after the deadline set in the Court's calendar order, a party must also satisfy the standards of Fed. R. Civ. P. 16(b)(4). *Gresham v. Mohr*, No. 2:14-cv-1906, 2016 WL 2654509, at *3 (S.D. Ohio May 6, 2016) (citing *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010); *Leary v. Daeschner*, 349 F.3d 888, 905-09 (6th Cir. 2003)). "Once the scheduling order's deadline [to amend the pleadings] passes, a [party] first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909 (citation omitted). Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v.*

---

2015) (Report and Rcommendation) (citing *Houston v. Lack*, 487 U.S. 266 (1988)), *adopted* 2015 WL 3485496 (S.D. Ohio Jun. 2, 2015). In the absence of contrary evidence, a filing is assumed to be deposited with prison officials for mailing on the date it is signed. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Thus, under the prison mailbox rule, plaintiff's motion for leave to amend is deemed to have been filed on January 10, 2017.

*DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* (citing *Bradford*, 249 F.3d at 809). However, even if an amendment would not prejudice the nonmoving party, the moving party must still provide good cause for failing to move to amend by the Court's deadline. *Gresham*, 2016 WL 2654509, at *3 (citing *Korn*, 382 F. App'x at 450). *See also Wagner v. Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.") (citing *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. 1995)). The party seeking modification of the calendar order has the "obligation to demonstrate 'good cause' for failing to comply with the district court's scheduling order. . . ." *Pittman ex rel. Sykes v. Franklin*, 282 F. App'x 418, 425 n.5 (6th Cir. 2008).

Here, plaintiff has not demonstrated good cause for filing his motion for leave to amend the complaint on January 10, 2017 when the calendar order established December 22, 2016 as the deadline for filing such a motion. Plaintiff's only explanation for his untimely motion is that since the filing of the initial complaint, he has learned the identities of the John Doe defendants as Lt. Bowers, Lt. Eaches, and defendant Rardin. (Doc. 15 at 1). However, plaintiff's initial complaint already identified Bowers, Eaches, and Rardin as the defendants in this action. (*See* Doc. 3 at 1). Because plaintiff has failed to show good cause for not complying with the calendar order's deadline, it is **RECOMMENDED** that his motion for leave to amend the complaint (Doc. 15) be **DENIED**. Additionally, defendant Rardin's motion for leave to file an untimely response to plaintiff's motion (Doc. 17) is **DENIED AS MOOT**.

Date: 4/10/17

Karen L. Litkovitz
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| WAYNE ANTHONY MILLER,<br>Plaintiff,<br><br>vs.<br><br>LT. RYAN BOWERS, et al.,<br>Defendants. | Case No: 1:16-cv-852<br>Dlott, J.<br>Litkovitz, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).