# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

WAYNE ANTHONY MILLER,  
    Plaintiff,

vs.

LT. RYAN BOWERS, et al.,  
    Defendants.

Case No. 1:16-cv-852  
Dlott, J.  
Litkovitz, M.J.

**ORDER**

Plaintiff, an inmate at the Southern Ohio Correctional Facility ("SOCF") proceeding pro se, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by defendants. This matter is before the Court on plaintiff's motion to compel (Doc. 23), and defendants' response in opposition (Doc. 24).

In the motion to compel, plaintiff asserts that he seeks production from defendants of "camera footage" and associated documents related to this action. (Doc. 23 at 1).

Pursuant to Fed. R. Civ. P. 37, motions to compel discovery must include a certification that extrajudicial attempts have been made to secure responses to discovery requests. Fed. R. Civ. P. 37(a)(1) provides: "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." Such a motion "*must* include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* (emphasis added). Similarly, S.D. Ohio Civ. R. 37.1 provides that motions relating to discovery "shall not be filed in this Court, under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences. . . ."

There is no indication from plaintiff's motion that he first served requests for discovery on defendants through counsel pursuant to Fed. R. Civ. P. 34, that defendants refused to comply

with such requests, or that the parties attempted to resolve any dispute prior to the filing of the motion. Before plaintiff may file any motions in court seeking to compel discovery, he must first contact counsel for defendants in an attempt to resolve the disputed discovery items. Plaintiff must make at least one good faith attempt to resolve discovery disputes with defendants' counsel (such as writing a letter to defendants' counsel) after he fails to receive an initial response to his discovery requests. Plaintiff must also submit a memorandum and certification setting forth the "extrajudicial means which have been attempted to resolve differences," S.D. Ohio Civ. R. 37.2, along with any motion to compel discovery. Because plaintiff failed to do so in this case, his motion to compel discovery is **DENIED**.

**IT IS SO ORDERED.**

Date: 6/12/17

Karen L. Litkovitz
United States Magistrate Judge